IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Quentin Dawan Hayes, ) | Civil Action No.: 4:13-cv-02832-RBH |
| ) | Criminal No.: 4:10-cr-00941-RBH-2 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Quentin Dawan Hayes's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Amend is denied, and Petitioner's Motion to Vacate is dismissed.[1]

## **Procedural History and Factual Background**

On September 13, 2011, pursuant to a valid and signed plea agreement, Petitioner entered a guilty plea to Count One of an indictment charging Petitioner with conspiracy to possess with intent to distribute, and to distribute, cocaine and cocaine base (commonly known as "crack cocaine"). Count One of the indictment further alleged that the conspiracy involved fifty grams or more of crack cocaine and five hundred grams or more of cocaine. In a judgment entered on February 9, 2012, the Court sentenced Petitioner to one hundred twenty months imprisonment, with four years supervised release. Petitioner appealed this Court's judgment and then moved to voluntarily dismiss that appeal. The Fourth Circuit complied and dismissed the appeal by way of a mandate entered on February 17, 2012.[2]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 F. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

[2] Petitioner also appealed this Court's denial of an unrelated pro se motion in the case. The Fourth Circuit affirmed the Court's denial by way of a mandate entered on August 9, 2010.

On October 17, 2013, Petitioner filed the instant Motion to Vacate, alleging that the Government breached his plea agreement and that his sentence was improperly increased pursuant to the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Because it plainly appears that the Motion to Vacate is untimely, this Court did not require a response from the Government and this matter is ripe for review.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## Discussion

Petitioner's Motion to Vacate is dismissed as untimely. As discussed above, Petitioner's appeal was dismissed on February 17, 2012. Petitioner had ninety days[3] from this date – or until sometime in May 2012 – to file a petition for a writ of certiorari. *See* Sup. Ct. R. 13.1. Thus, Petitioner's judgment of conviction became final for the purpose of starting the one-year limitations period in May 2012. *See id*. Petitioner then had one year in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until October 17,

---

[3] Although this was a voluntarily dismissal, out of an abundance of caution the Court will still assume he could have petitioned for certiorari and afford Petitioner ninety days from this date to begin running the statute of limitations.

3

2013,[4] nearly five months *after* the statute of limitations had run. As such, the Motion to Vacate is untimely on its face.

Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that through due diligence he recently discovered facts supporting his claim. *See* 28 U.S.C. § 2255(f).[5] Petitioner does claim that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), is a new case that entitles him to relief. [*See* Mot. to Vacate, Doc. # 962, at 5, 12.]

In *Alleyne*, the defendant was charged with robbery and using or carrying a firearm. *Alleyne*, 133 S.Ct. at 2155. The jury found that the defendant in *Alleyne* had used or carried a firearm but did not indicate whether he "brandished" a gun. *Id*. at 2155–56. If the defendant had "brandished" a gun, his mandatary minimum sentence would have increased from five years to seven years. *Id*. The trial court sentenced the defendant to seven years after finding by a preponderance of the evidence at the sentencing hearing that the defendant "brandished" a gun. *Id*. A previous Supreme Court case, *Harris v. United States*, 536 U.S. 545 (2002), permitted district courts to make factual findings by a preponderance of the evidence that increase mandatory minimums without violating a defendant's Sixth Amendment rights. The majority in *Alleyne* overruled *Harris* and held that the issue of whether the defendant brandished a gun should have been submitted to the jury. *Id*. at 2163. The Court held that facts which increase a mandatory minimum are elements of the offense and thus

---

[4] Petitioner's Motion to Vacate was dated September 21, 2013. Even accepting this date as the filing date, Petitioner's Motion to Vacate is still well outside the one-year statute of limitations.

[5] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Petitioner, without any evidentiary support, merely states that he used due diligence in pursuing his Motion to Vacate. This Court finds that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

must be proven beyond a reasonable doubt. *Id*. Here, Petitioner's argument that *Alleyne* entitles him to relief is without merit for a number of reasons.

First, in order for *Alleyne* to entitle Petitioner to relief, the Supreme Court must make the supposed right "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, the Supreme Court has not declared that the new rule in *Alleyne* retroactive on collateral review. *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) (holding that the constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which itself is not retroactive); *In re Payne*, No. 13–5103, 2013 WL 5200425 at *1–2 (10th Cir. Sept. 17, 2013) (holding that *Alleyne* is not retroactive); *United States v. Little*, No. 6:11–169, 2013 WL 5719080, at *2 (D.S.C. Oct. 21, 2013) (noting that "*Alleyne* has not been held to be retroactive to cases on collateral review").

Second, even if this Court were to assume that *Alleyne* is retroactive on collateral review, Petitioner fails to identify in what way his conviction ran afoul of *Alleyne*. In fact, the holding in *Alleyne* is simply inapplicable to Petitioner's case.

One, Petitioner's knowing plea negates his *Alleyne* claim. Petitioner executed a valid plea agreement wherein he admitted to a conspiracy involving 50 grams or more of crack cocaine and 500 grams or more of cocaine. [Plea Agreement, Doc. # 446.] As the Seventh Circuit explained in a similar case examining the applicability of *Alleyne*, "by pleading guilty [petitioner] waived his right to have a jury, rather than the district judge, determine the drug quantity. And [petitioner's] judicial admission that the amount of cocaine was at least 30 kilograms negated the need for the district court to make a finding beyond a reasonable doubt regarding drug quantity." *United States v. Ramirez*, No. 13–1809, 2013 WL 4573790, at *1 (7th Cir. Aug. 29, 2013); *see also United States v. Johnson*, No. 12–2138, 2013 WL 5509152 (6th Cir. Oct. 7, 2013) ("We have recognized that

5

*Alleyne's* extension of *Apprendi* to facts that increase a minimum statutory sentence left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his . . .claim."); *United States v. Yancy*, No. 12–6204, 2013 WL 3985011, at *4 (6th Cir. Aug. 6, 2013) (explaining that *Alleyne* did not change rule that, when government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt); *United States v. Vasquez*, No. 7:09CR00015–002, 2013 WL 5435825, at *2 (W.D. Va. Sept. 27, 2013) (examining *Alleyne* and explaining that any fact which subjects the defendant to a higher mandatory minimum sentence "must either b[e] *admitted by the defendant* or found by the jury beyond a reasonable doubt").

Two, Petitioner was not sentenced to, and his sentence was not based upon, the statutory minimum. Petitioner was subject to a five-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. [*See* Presentence Report ("PSR"), sealed for Court users only, Doc. #666.] Petitioner's advisory guideline range, though, was a much higher 135 to 168 months. [*Id*.] However, after granting a motion from defense counsel for a sentence outside the advisory guideline range, the Court sentenced Petitioner to 120 months. [*See* Statement of Reasons, Doc. # 669.] The record in this case therefore conclusively shows that Petitioner's Motion to Vacate is untimely and without merit.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is timer-barred, without merit, and that no evidentiary hearing is needed. Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate [Doc. # 962] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
October 31, 2013